**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RANDY G. VIBROCK, JR., individually and as
personal representative of Randy G. Vibrock, deceased**                        **PLAINTIFF**

**V.**                                                    **CAUSE NO.: 1:08CV102-SA-JAD**

**PEERLESS CONVEYOR &
MANUFACTURING CORPORATION AND
TENN-TOM RUBBER & BELTING COMPANY**                      **DEFENDANTS**

## MEMORANDUM OPINION ON MOTION TO REMAND

Comes now before the Court Plaintiff's Motion to Remand [23]. After reviewing the motion, response, memoranda, and authorities, the Court finds that the motion should be GRANTED.

*Factual and Procedural Background*

On January 24, 2008, the Plaintiff filed a complaint in the Circuit Court of Lowndes County against Artesia Quarry and Mill, Holcium (US), Inc., Peerless Conveyor & Manufacturing Corp. ("Peerless"), Billy Phillips, James Boyd, Edward Thierry, and John Does 2-15. Plaintiff specifically noted in his complaint that the unnamed defendants were unknown and unidentifiable culpable persons or entities "who were designers, testers, manufacturers, service providers, and distributors, sellers, and/or warrantors of the subject primary crusher conveyor belt . . ."

Upon agreement between the plaintiff and defendants regarding dismissal of all instate defendants, Peerless, the only remaining defendant and Kansas resident, removed the case to this Court on the basis of diversity jurisdiction. On October 6, 2008, the Plaintiff filed a Motion to Amend the Complaint to add another claim as well as an additional defendant, Tenn-Tom Rubber & Belting Company ("Tenn-Tom"). Magistrate Judge Davis granted Plaintiff's request, and Plaintiff filed his Second Amended Complaint soon thereafter. On November 6, 2008, Plaintiff filed the present Motion to Remand based on the addition of Tenn-Tom as a defendant. Plaintiff contends

that the substitution of Tenn-Tom, whose principal place of business is in Columbus, Mississippi, deprives this Court of subject matter jurisdiction. Peerless has responded that Plaintiff's addition of Tenn-Tom as a defendant is an improper joinder which requires Tenn-Tom's dismissal because Plaintiff's claims against Tenn-Tom do not relate back to the date of the original complaint and are therefore, barred by the three year statute of limitations for a wrongful death action.

*Improper Joinder Standard*[1]

The federal courts have not been unaffected by persons seeking to avoid federal jurisdiction by fraudulently joining non-diverse defendants. The doctrine of improper joinder provides a narrow exception to the rule of complete diversity. McDonal, 408 F.3d at 183. A removing party may show improper joinder of a non-diverse defendant, allowing dismissal of that party and the exercise of federal subject matter jurisdiction pursuant to Title 28 U.S.C. § 1332(a) in either one or two instances: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood, 385 F.3d at 573 (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).

The defendant does not dispute that Tenn-Tom Rubber & Belting Company is a Mississippi resident. See Smith v. Petsmart, Inc., 278 Fed. Appx. 377, 379 (5th Cir. 2008) (analyzing claims of plaintiff under second prong as no allegation that plaintiff fraudulently represented defendants' residence was asserted). Therefore, under the second method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there

---

[1] The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred. McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).[2]

The district court may analyze the issue of recovery against the non-diverse defendant in one of two ways. First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573. In cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. In this inquiry, the court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis, 326 F.3d at 648-49. All disputed issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. Id. at 649.

*Discussion and Analysis*

First, Plaintiff alleges that Defendant's Response to his Motion to Remand was untimely under Local Rule 7.2(D) and, therefore, must be disregarded, and the motion granted as unopposed. The Court acknowledges that the Local Rules give the Court the discretion to strike an untimely response and deem the motion granted as unopposed. See Local Rule 7.2(C)(2) ("If a party fails to

---

[2] Prior to Smallwood, Fifth Circuit opinions stated what seemed to be differing standards for this inquiry. In Smallwood, however, an en banc panel of the Fifth Circuit recognized the Travis formulation as the proper one. See Smallwood, 385 F.3d at 573.

respond to any motion . . . within the time allotted, the court may grant the motion as unopposed."). Here, Plaintiff filed its Motion to Remand on November 6, 2008. Defendant's response was not served until December 4, 2008. Under the Local Rules, Defendant's response was due November 28, 2008, at the latest. See FED. R. CIV. P. 6(a), (d). Accordingly, the Court could grant Plaintiff's motion as unopposed. The Court will, however, look at the merits of the motion as well.

Rule 9(h) of the MISSISSIPPI RULES OF CIVIL PROCEDURE provides:

> When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.

Further, Rule 15(c)(2) adds that "an amendment pursuant to Rule 9(h) . . . relates back to the date of the original pleading" so as to avoid statute of limitations issues. MISS. R. CIV. P. 15(c)(2). While there is no time frame provided under Rule 9(h) for amending, the rule requires that the plaintiff amend upon discovery of the party's true identity. The Mississippi Supreme Court has stated that "the relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party." Doe v. Mississippi Blood Services, Inc., 704 So. 2d 1016, 1019 (Miss. 1997). Therefore, this Court must make a "strict inquiry" as to whether the plaintiff exercised reasonable diligence in ascertaining the fictitious party's real identity. See id.

Plaintiff asserts that prior to filing this lawsuit and engaging in some discovery, it had no way of knowing or ascertaining the identity of Tenn-Tom, the service provider. Plaintiff contends that even though they hired a private investigator to investigate the facts and identify potential defendants before the suit was filed, it was unable to identify Tenn-Tom as a possible service

provider. Moreover, Plaintiff asserts he served a subpoena on the decedent's employer, Holcium, to retrieve records relating to the service and maintenance of the conveyor belt at issue in this lawsuit. Although that subpoena was served in April of 2008, Plaintiff avers that Holcium did not respond until August 18, 2008. That response indicated that Tenn-Tom was the service provider of the conveyor and return idler that are subject to the lawsuit. Plaintiff contends he filed the Motion to Amend within a short time of receiving the pertinent information. Additionally, Plaintiff notes that the Motion to Amend was filed one week prior to the expiration of the deadline to join additional parties under the Court's Case Management Order.

Plaintiff claims that <u>Scoggins v. Boston Scientific Corporation</u>, 2008 U.S. Dist. Lexis 35507, 2008 WL 1821498 (N.D. Miss. Apr. 22, 2008) is directly on point here. In that case, Plaintiff filed his complaint one day prior to the expiration of the statute of limitations against a sole unnamed defendant. <u>Id</u>. 2008 U.S. Dist. LEXIS 35507, * 1. Plaintiff then served a subpoena duces tecum to determine the identity of the manufacturer the plaintiff contended caused his injury. Approximately four months later, Plaintiff filed a motion for leave to file an amended complaint to substitute Microvasive as the unnamed defendant due to inaccurate information provided pursuant to the subpoena. The state court granted Plaintiff's motion to amend on December 14, 2007, and Plaintiff filed his amended complaint on January 7, 2008. Plaintiff then filed a second amended complaint on January 28, 2008, after discovering the proper defendant was Boston Scientific Corporation and not Microvasive. <u>Id</u>. at *2.

Boston Scientific then removed the case to the Northern District of Mississippi and filed a Motion to Dismiss for failure to file within the three year statute of limitations. The defendant argued that the second amended complaint naming them as the sole defendant did not relate back to the original complaint because the plaintiff did not exercise the required reasonably diligent

inquiry into the identity of the manufacturer of the subject device. Id. at *3. The parties cited, and the Court discussed three cases regarding the reasonable diligent inquiry test: Bedford Health Properties, LLC v. Estate of Williams, 946 So. 2d 335, 341 (Miss. 2006); Doe v. Mississippi Blood Services, Inc., 704 So. 2d 1016 (Miss. 1997); and Santangelo v. Green, 920 So. 2d 521 (Miss. Ct. App. 2006).

In all three cases, the Mississippi state courts concluded that the plaintiff was not reasonably diligent. In particular, in Bedford, the court noted the plaintiff could have discovered the proper name of the nursing home as she visited it several times a month, the nursing home was across the street from the church plaintiff attended, and the plaintiff testified in a deposition that she knew the nursing home's proper name. Id. at *6. In Doe, the court held that the plaintiff was not reasonably diligent in determining the identity of the true defendant as the plaintiff made the first telephonic inquiry as to the name of the proper defendant only five days prior to the running of the seven year statute of limitations. Id. at *6 (citing Doe, 704 So. 2d at 1019). In Santangelo, the court held the plaintiff was not reasonably diligent because the new defendant was her treating physician and her medical records would have revealed his identity. Id. at. *7. See also Gasparrini v. Bredemeier, 802 So. 2d 1062, 1066-67 (Miss. Ct. App. 2001) (distinguishing Doe, Womble v. Singing River Hosp., 618 So. 2d 1252 (Miss. 1993), and Rawson v. Jones, 816 So. 2d 367 (Miss. 2001), because in medical malpractice actions, discovery of the defendants' true identities could have been ascertained from physical and testimonial evidence, as well as medical record evidence).

The district court held that "unlike the situations in Bedford, Doe, and Santangelo, the plaintiff in this case actually did substitute the name of the sole defendant for the sole fictitious defendant named in the complaint," thus, implicating Rules 9(h) and 15(c)(2). Id. at *8. The Scoggins Court then evaluated whether the plaintiff made a reasonably diligent inquiry into the

identity of the manufacturer of the offending machine. The Court noted the defendant's arguments that the plaintiff waited until one day prior to the three year statute of limitations before filing suit and attempting to ascertain the identity of the manufacturer, the plaintiff waited until almost four months before filing the motion to amend, the plaintiff did not actually file that amended complaint until almost seven months after the original complaint, and the plaintiff did not correct the name of the proper defendant until two weeks after that. Id. at *9.

In holding that the plaintiff was reasonably diligent in his inquiry into the true manufacturer of the subject device, the Court noted that the plaintiff filed his complaint within the statute of limitations; that the period between discovery of the wrong defendant's name and the filing of his motion to amend, roughly three months, was not unreasonably long; the fact that plaintiff did not file his amended complaint until January 7, 2008, was not unreasonable because the state court did not give him permission to do so until December 14, 2007; and plaintiff was reasonably diligent in filing a second amended complaint against Boston Scientific within three weeks of his first amended complaint. Id. at *9-10. The court held that

> [a]ll in all, the period of time between the filing of the original complaint on June 21, 2007, and that Second Amended Complaint on January 28, 200[8] was a reasonable period of time given that the plaintiff did not know the true identity of the manufacturer, *i.e.*, Boston Scientific, until sometime between the Amended Complaint filed on January 8, 200[8] and the Second Amended Complaint filed on January 28, 200[8].

Id. at*10. Thus, the Court held that the plaintiff complied with the requirements that he substitute the new defendant for the fictitious defendant, and that he conduct a reasonably diligent inquiry into the identity of the proper defendant. Id. The Court denied Boston Scientific's Motion to Dismiss.

The Defendant in this action cite language in the Plaintiff's original and first amended complaint which states that the attorneys have not had the opportunity to fully investigate the matter,

reserve the right to amend the complaint, and "intend[] to act diligently" as evidence that the Plaintiff did not make a reasonably diligent inquiry before filing suit. Moreover, Defendant asserts that the order granting Plaintiff's leave to amend was not entered until eight months after the expiration of the statute of limitations which evidences a lack of reasonable diligence. Further, Defendant cites Womble, Santangelo, Bedford, and Gasparrini, for the proposition that plaintiff did not engage in a reasonably diligent inquiry to determine the unknown defendant.

First, the Court notes that Plaintiff's made a proper substitution of Tenn-Tom for a fictitious party in their complaint such that Rules 9(h) and 15(c)(2) apply. In their original complaint, Plaintiff notes a claim for negligence against any unknown service provider, and by amended complaint alleges the same cause of action against Tenn-Tom as the service provider. For purposes of the reasonable diligence inquiry, the Court finds persuasive Scoggins v. Boston Scientific, 2008 U.S. Dist. Lexis 35507, 2008 WL 1821498 (N.D. Miss. Apr. 22, 2008).

First, the Court notes that Plaintiff filed the original complaint within the statute of limitations. Second, Plaintiff, as representative of the decedent, had no way of knowing or ascertaining the identity of the service provider prior to filing the lawsuit and learning Tenn-Tom's true identity through discovery. There were no records or documents available to Plaintiff to obtain the manufacturer, designer, retailer, or service provider information until the lawsuit was filed and discovery was conducted. Indeed, Plaintiff admits that he hired a private investigator who could not ascertain the identity of the service provider. The information received from Holcium that proved Tenn-Tom to be the service provider was requested in April and provided in August. Based on the evidence attached to Plaintiff's reply, Plaintiff sufficiently followed up the subpoena with written correspondence over the months between the request and response. Third, the Court deems the nine month interval between Plaintiff's filing of the original complaint and the second amended

complaint not unreasonable. See Scoggins, 2008 U.S. Dist. Lexis 35507, 2008 WL 1821498 (seven month interval between original and amended complaint not unreasonably long). Fourth, Plaintiff filed their motion to amend the complaint one week prior to the case management order deadline for joinder of parties or amendment of pleadings. Thus, Plaintiff conducted reasonable diligence in determining that Tenn-Tom was the service provider and sufficiently amended his complaint in accordance with Rules 9(h) and 15(c)(2).

*Conclusion*

Plaintiff conducted a reasonably diligent inquiry to seek out the identity of the fictitious service provider. Defendant Tenn-Tom Rubber & Belting Company was properly substituted for that fictitious service provider. As Tenn-Tom's principal place of business is admittedly in Mississippi, this Court lacks subject matter jurisdiction over this matter. Accordingly, Plaintiff's Motion to Remand [23] is GRANTED, and this case is REMANDED to the Lowndes County Circuit Court.

SO ORDERED, this the 23rd day of March, 2009.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**