**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RANDY G. VIBROCK, JR., individually and as
personal representative of Randy G. Vibrock, deceased**          **PLAINTIFF**

**V.**                                                           **CAUSE NO.: 1:08CV102-SA-JAD**

**PEERLESS CONVEYOR &
MANUFACTURING CORPORATION AND
TENN-TOM RUBBER & BELTING COMPANY**                              **DEFENDANTS**

## MEMORANDUM OPINION ON MOTION FOR RECONSIDERATION

On March 23, 2009, this Court granted the Plaintiff's Motion to Remand due to the addition of Mississippi-based Tenn-Tom Rubber & Belting Company ("Tenn-Tom") as a party defendant. The Court held, based on Mississippi Rules of Civil Procedure 9(h) and 15(c)(2), that the Plaintiff properly substituted Tenn-Tom for a fictitious defendant and conducted reasonable diligence in ascertaining Tenn-Tom's identity. Thus, Plaintiff's substitution of Tenn-Tom for a fictitious defendant related back to the filing of Plaintiff's original complaint and, therefore, was filed within the statute of limitations.[1]

Tenn-Tom filed a Motion for Reconsideration asserting that this Court clearly erred by applying the Mississippi Rules of Civil Procedure instead of the Federal Rules of Civil Procedure. Moreover, under the Federal Rules of Civil Procedure, the Defendant asserts, Plaintiff's addition of Tenn-Tom as a party defendant was improper and untimely; therefore, Tenn-Tom must be dismissed, and the Court should retain jurisdiction over the case.

*Reconsideration Standard*

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration in those

---

[1] Neither party disputes that Plaintiff filed his original complaint in state court one day prior to the expiration of the statute of limitations for a wrongful death action.

words. Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e), or a motion for relief from judgment pursuant to Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because the current motion was filed within ten days of the judgment, the Court will consider it under Rule 59(e). See, e.g., Neely v. Regions Bank, Inc., 2007 U.S. Dist. LEXIS 11775, 2007 WL 571111 (N.D. Miss. Feb. 20, 2007).

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003).

*Discussion and Analysis*

Peerless Conveyor and Manufacturing Corporation ("Peerless") removed this case from the Lowndes County Circuit Court on May 7, 2008, on the basis of diversity jurisdiction. Thereafter, the

2

Plaintiff filed a Motion to Amend the Complaint [15] which was granted by the magistrate judge. On October 22, 2008, the Plaintiff filed an amended complaint adding Tenn-Tom in place of a fictitious party defendant.

Federal Rule of Civil Procedure 81(c) notes that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Because Plaintiff added Tenn-Tom as a defendant after removal of this case from the state court, this Court should have applied the Federal Rules of Civil Procedure to determine whether Plaintiff's substitution related back to the original pleading.

Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Defendant contends that under Rule 15, Plaintiff's substitution of Tenn-Tom as a defendant does not relate back to the original complaint because Plaintiff never notified them of the lawsuit

within 120 days of filing the original complaint.

The Fifth Circuit has held that substituting a defendant for a fictitious party does not fall within the purview of Federal Rule of Civil Procedure 15(c)(1)(C). Jacobsen v. Police Officer Osborne, 133 F.3d 315, 321-22 (5th Cir. 1998). Specifically, the Court held that because the "notice" and "mistake" clauses of subpart (C) must be satisfied, and a substitution for a fictitious party is not a mistake but a failure to identify the correct defendant, Federal Rule of Civil Procedure 15(c)(1)(C) does not allow relation back to the filing of the original complaint in such situations. Id. at 320-22.

Here, Plaintiff did not make a mistake as to the identity of Tenn-Tom. Plaintiff readily admits he was unaware of the identity of the correct defendant until after the institution of this suit. Therefore, Plaintiff's substitution of Tenn-Tom for a fictitious party does not relate back to the original complaint, and Plaintiff's claims against Tenn-Tom must be dismissed as they were brought outside the statute of limitations. See Glasper v. Guzman, 2009 U.S. Dist. LEXIS 44857 (E.D. La. May 27, 2009) (noting that although the Fifth Circuit in Jacobsen did not rule whether claims against the recently identified defendants would be prescribed, the opinion necessarily led to that result); Tapp v. Gulf Stream Coach, Inc., 2009 U.S. Dist. LEXIS 15475 (E.D. La. Feb. 11, 2009) (dismissing plaintiff's claims against substituted defendant when the complaint was amended outside the statute of limitations because the claims could not relate back under Jacobsen).

Alternatively, even if Jacobsen was not dispositive here, Plaintiff's addition of Tenn-Tom does not meet the burdens imposed by Federal Rule 15(c)(1)(C). Specifically, Tenn-Tom did not receive notice of the action within one hundred twenty days of the institution of the action. Moreover, Plaintiff has not maintained or established that Tenn-Tom knew or should have known

4

that an action would be brought against it. Thus, Plaintiff has not met the requirements under Federal Rule of Civil Procedure 15(c)(1)(C) for relating back.

Accordingly, Tenn-Tom's Motion for Reconsideration is hereby GRANTED. Tenn-Tom is dismissed as a party defendant because Plaintiff's claims against it do not relate back to the original complaint. The Court's prior Memorandum Opinion and Order [46,47] granting remand are withdrawn. The parties are instructed to contact the magistrate judge within ten days to schedule a case management conference.

SO ORDERED, this the  15th  day of June, 2009.

                                          **/s/ Sharion Aycock**
                                          **U.S. DISTRICT JUDGE**